IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 00-40101-01-GPM |
| | ) |
| RANDALL MOSS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On August 13, 2001, Defendant Randall Moss was sentenced to a total term of 1080 months on charges of conspiracy to distribute crack cocaine, distribution of crack cocaine, and possession of a firearm by a felon. His conviction and sentence were affirmed by the Seventh Circuit Court of Appeals. Moss filed a motion under 28 U.S.C. § 2255, which this Court denied. *See Moss v. United States*, Civil No. 04-4070-GPM (S.D. Ill. dismissed May 20, 2005). Moss's requests for a certificate of appealability were denied by this Court and by the Court of Appeals. On August 5, 2009, this Court granted motions to reduce Moss's sentence pursuant to 18 U.S.C. § 3582(c)(2) – a *pro se* motion filed in February 2008 and a motion filed by appointed counsel in August 2009 – and reduced Moss's total term of imprisonment to 360 months under the retroactive amendment to the crack cocaine guideline.[1]

On October 13, 2009, Moss filed a *pro se* motion to reconsider the order reducing his sentence. He claims that he was entitled to (1) a full resentencing hearing; (2) review any

---

[1] The Court's order reducing Moss's sentence was entered on the docket on August 7th.

Presentence Investigation Report (PSR) that was prepared; and (3) a reduced sentence below the amended guideline range. He also protests that he was not informed of his right to appeal the order reducing his sentence.

With respect to whether Moss was entitled to a full resentencing hearing, which could include an updated PSR, and whether a sentence below the amended guideline range was available, the Supreme Court now has spoken: § 3582(c)(2) does not authorize a resentencing; consequently, this Court is not authorized to sentence Moss below the amended guideline range. *See Dillon v. United States*, No. 09-6338, 2010 WL 2400109 (U.S. June 17, 2010); *see also United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied* 129 S. Ct. 2826 and 129 S. Ct. 2840 (2009). The timeliness of any notice of appeal that Moss may file will be decided by the Seventh Circuit Court of Appeals. *See generally United States v. Rollins*, No. 09-2293, 2010 WL 2292182 (7th Cir. June 9, 2010).

Finally, this Court has considered whether this motion to reconsider is functionally a successive § 2255 motion, which would require leave from the Court of Appeals. It is clear to this Court that Moss's motion was filed to ask this Court to correct any "oversights and errors" relating to the order reducing Moss's sentence rather than as a collateral attack on his criminal judgment. *See Rollins*, 2010 WL 2292182, at *2.

For the foregoing reasons, Moss's motion to reconsider (Doc. 536) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  06/23/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge